IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

JEFFREY STARK,

    Plaintiff,

v.                            CASE NO. 1:17-cv-63-MW-GRJ

DEPT. OF CHILD SUPPORT,
et al.,

    Defendant.

_____/

## ORDER AND
## REPORT AND RECOMMENDATION

Plaintiff, proceeding *pro se*, initiated this case by filing a complaint, ECF No. 1, and a motion for leave to proceed as a pauper, ECF No. 2. Leave to proceed as a pauper will be granted for the limited purpose of dismissing this case pursuant to 28 U.S.C § 1915(e) for failure to state a claim upon which relief may be granted.

Plaintiff sues two unnamed "persons in charge" at the State of Florida Department of Child Support and Department of Revenue. Plaintiff alleges that his Florida drivers license was suspended for non-payment of child support. Plaintiff alleges that he currently cannot reactivate his license until he pays a $440 fine, but that he cannot earn money unless he can drive because he is self-employed. Plaintiff states that his case is currently

pending further hearings in state court.  Liberally construed, Plaintiff contends that the suspension of his license is unfair because it prevents him from making money to live and pay his child support.  Plaintiff seeks five million dollars in damages, to be placed in a trust fund for his children.  ECF No. 1.

Under 28 U.S.C. § 1915 governing proceedings *in forma pauperis*, the Court may dismiss a case at any time if the Court determines that the allegation of poverty is untrue, or the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.  *See* 28 U.S.C § 1915(e).  The Court must liberally construe a *pro se* Plaintiff's allegations.  *Haines v. Kerner*, 404 U.S. 519 (1972); *see also Miller v. Stanmore*, 636 F.2d 986, 988 (5th Cir. 1981).  However, a court does not have "license . . . to rewrite an otherwise deficient pleading [by a pro se litigant] in order to sustain an action."  *GJR Investments v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir.1998)(*overruled on other grounds* by *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)*).*

Federal courts are courts of limited jurisdiction that possess only that power authorized by the Constitution and federal statutes.  *See, e.g.,*

*Delaware v. Van Arsdall*, 475 U.S. 673, 692 (1986).  A plaintiff invoking the court's jurisdiction must establish the basis for such jurisdiction in the complaint.  See *Taylor  v. Appleton*, 30 F.3rd 1365, 1367 (11th Cir. 1994).

To the extent that Plaintiff is attempting to assert a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the deprivation occurred under color of state law.  *Richardson v. Johnson*, 598 F.3d 734, 737 (11th Cir. 2010).  The plaintiff must allege facts showing an affirmative causal connection between each specific defendant's conduct and the alleged deprivation of his constitutional rights.  *Zatler v. Wainwright,* 802 F. 2d 397, 401 (11th Cir. 1986).   If a plaintiff cannot satisfy these requirements, or fails to provide factual allegations in support of his claim, the complaint is subject to dismissal.  *Id.* at 737-38.

Plaintiff alleges no cognizable federal cause of action in the Complaint.  It is clear from the allegations that Plaintiff's claims arise wholly under state law governing the payment of child support and the consequences for failure to pay.  Plaintiff has challenged the suspension of his license in state court, and alleges that a further hearing on the matter is

pending in state court.  Plaintiff's state-law claims are properly asserted in state court.  He alleges no facts suggesting that he has any viable federal constitutional or statutory claim that could be asserted under section 1983.

Ordinarily, "[i]f the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief," *Foman v. Davis*, 371 U.S. 178, 182 (1962), leave to amend "should be freely given."  See Fed.R.Civ.P. 15(a).  Under *Foman*, however, a district court may properly deny leave to amend the complaint when such amendment would be futile.  *Foman*, 371 U.S. at 182.  Under the facts presented, the Court concludes that amendment of the Complaint would be futile because amendment would not cure the deficiency regarding the lack of any factual basis for the exercise of federal subject matter jurisdiction pursuant to section 1983.

Accordingly, it is **ORDERED** that Plaintiff's motion for leave to proceed as a pauper, ECF No. 2, is **GRANTED**.

It is respectfully **RECOMMENDED** that this case be **DISMISSED** for lack of subject matter jurisdiction and failure to state a claim.

**IN CHAMBERS** in Gainesville, Florida, on the 16th day of March 2017.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

*Page 5 of 5*

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636**.